**Affidavit in Support of Criminal Complaint for Marcelino LINARES-Llano**

Your Affiant, Deportation Officer Seneca Woods, Immigration and Customs Enforcement (ICE), Enforcement and Removal Operations (ERO), being duly sworn, deposes and says:

## Introduction

1. I am a law enforcement officer of the United States (U.S.) within the meaning of Section 115(c)(1) of Title 18, United States Code, and empowered by law to conduct investigations and to make arrests for offenses enumerated in Title 8, United States Code (U.S.C.) § 1326.

2. I am a Deportation Officer (DO) with the U.S. Department of Homeland Security (DHS), U.S. Immigration and Customs Enforcement (ICE), Enforcement and Removal Operations (ERO). I have been so employed since October of 2020, and I am presently assigned to the Louisville, Kentucky (KY) sub-office of Chicago. Prior to that, I was a United States Border Patrol Agent on the southern border for twelve (12) years. My duties include the enforcement of various violations of immigration and criminal laws. I have attended the United States Border Patrol Academy in Artesia, New Mexico, where training was conducted pertaining to these types of investigations as well as the enforcement of both criminal and immigration laws.

3. This affidavit is based upon my personal knowledge and upon information reported to me by federal and local law enforcement officers and others with knowledge of the case. Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only.

4. I have not included every fact that has been revealed through the course of this investigation. I have set forth only the facts that are believed to be necessary to establish probable cause for the issuance of a criminal arrest warrant.

## Results of Investigation

5. On July 28, 2026, while conducting Criminal Alien Program Operations within the Louisville, KY area of operations, Deportation Officer (DO) Meehan encountered Marcelino LINARES-Llano at Louisville Metropolitan Department of Corrections (LMDC) during a recent arrest. DO Meehan began an investigation into the subject's alienage and previous immigration history. After a brief search, DO Meehan determined that the subject, LINARES-Llano is a previously removed Mexican national. DO Meehan then lodged an ICE detainer for the subject with LMDC.

6. LINARES-Llanos' biometric information and fingerprints were taken at the time of his arrest when he was booked into LMDC. A positive biometric match returned to a subject whose true name according to ICE indices is Marcelino LINARES-Llano. DO Meehan positively identified LINARES-Llano, as the man that was in custody through records checks as previously removed Mexican citizen and the subject of Alien Registration Number A202 031 609 and FBI/Universal Control Number 397970WC2.

7. LINARES-Llano is a citizen and native of Mexico with no approved or pending applications or petitions to enter or remain in the U.S. filed by him or on his behalf.

8. LINARES-Llanos' immigration file, also known as an "A-File," was requested from USCIS. DHS and DOJ service indices and documents for his A-file were used to confirm the accuracy of the information contained within this affidavit.

9. LINARES-Llanos' biometric data was a positive match for the following immigration history:

a. On August 31, 2014, the subject was arrested by the United States Border Patrol (USBP) in Carrizo Springs, Texas. The subject claimed to be a citizen of

Mexico. LINARES-Llano was processed and issued an Expedited Removal (ER) for being an alien present without admission or parole. On August 31, 2014, LINARES-Llano was removed to Mexico.

b. On September 4, 2014, the subject was arrested by the United States Border Patrol (USBP) in Laredo, Texas. The subject claimed to be a citizen and national of Mexico. LINARES-Llano was processed and issued an Expedited Removal (ER) for being an alien present without admission or parole and also charged under 8 USC 1325 (Illegal Entry). On January 30, 2015, LINARES-Llano was removed to Mexico.

c. On February 26, 2020, the subject was arrested by the United States Border Patrol (USBP) in Laredo, Texas. The subject claimed to be a citizen and national of Mexico. USBP processed LINARES-Llano and Reinstated his Final Order of Removal. LINARES-Llano was subsequently processed under 8 USC 1326 (Illegal Re-Entry) at this arrest and encounter. On June 15, 2020, LINARES-Llano was removed to Mexico.

d. On May 8, 2024, ICE/ERO arrested LINARES-Llano near Louisville, Kentucky. ICE/ERO processed LINARES-Llano and Reinstated his Final Order of Removal. On May 17, 2024, LINARES-Llano was removed to Mexico from Harlingen, Texas.

10. DHS data base checks confirmed that LINARES-Llano was a positive match for the following criminal arrests/convictions:

a. On July 20, 2008, the subject was arrested by the Jeffersontown Police Department for Criminal Possession of a Forged Instrument 2nd and 3rd Degree. On

August 21, 2008, the Criminal Possession of Forged Instrument 2nd Degree was dismissed, and the Criminal Possession of a Forged Instrument 3rd Degree was amended down to Receiving Stolen Property under $300. LINARES-Llano was convicted of the Receiving Stolen Property and sentenced to 364 days confinement.

b. On August 10, 2008, the subject was arrested by the Jeffersontown Police Department for Theft by Unlawful Taking/ Shoplifting and Alcohol Intoxication in Public. On August 21, 2008, the Alcohol Inotxication in Public charge was dismissed. On the same date, LINARES-Llano was convicted of the Theft by Unlawful Taking/ Shoplifting charge and sentenced to 364 days confinement.

c. On September 6, 2008, the subject was arrested by the Louisville Metropolitan Police Department for Driving Under the Influence of Alcohol and traffic offenses. On September 18, 2008, LINARES-Llano was convicted of the Driving Under the Influence of Alcohol charge and sentenced to 30 days confinement. The traffic offenses were dismissed.

d. On September 8, 2014, LINARES-Llano was in U.S. District Court, Southern District of Texas, convicted of Illegal/ Improper Entry into the United States, a felony offense in violation of Title 8 U.S.C. 1325, for which he was sentenced to 150 days imprisonment.

e. On June 12, 2020, LINARES-Llano was, in U.S. District Court, Southern District of Texas, convicted of Unlawful Re-Entry After Removal into the United States, a felony offense in violation of Title 8 U.S.C. 1326(a), for which he was sentenced to 108 days imprisonment.

f. On July 28, 2026, the subject was arrested by the Louisville Metropolitan Police Department for Criminal Trespassing 1st Degree. This case is pending as LINARES-Llano was given a release on own recognizance (ROR) with a future court date.

**Conclusion**

11. Based on the information contained in this affidavit, I believe there is probable cause to support the conclusion that Marcelino LINARES-Llano, is a noncitizen who has been located in the United States in Jefferson County, in the Western District of KY, on August 14, 2026, after having been previously removed from the United States in violation of Title 8 of the U.S.C, § 1326(a) and (b)(1).

/s/ Seneca Woods
Seneca Woods
Deportation Officer
Immigration and Customs Enforcement
Enforcement and Removal Operations
Louisville, KY

Sworn to me telephonically pursuant to Fed. R. Crim. P. 4.1 this 20th day of August 2026.

Hon. Regina S. Edwards
United States Magistrate Judge